IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANTIAGO AYALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:24-CV-0320-G |
| UR JADDOU, Director, United States | ) |
| Citizenship and Immigration Services, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction. *See* Defendant's Motion to Dismiss and Brief in Support ("Motion") (docket entry 7). For the reasons stated below, the motion is granted.

I. BACKGROUND

The plaintiff Santiago Ayala ("Ayala") is a United States citizen. Original Complaint ("Complaint") ¶ 2 (docket entry 1). On or about March 3, 2022, Ayala filed a petition for alien relative ("I-130 petition" or "petition") with the United States Citizenship and Immigration Services ("USCIS") on behalf of the alien child to classify her as an "immediate relative" of a United States citizen under 8 U.S.C.

§ 1151(b)(2)(A)(i).* *Id.* ¶ 7; Plaintiff's Opposition to Defendant's Motion to Dismiss and Brief in Support ("Response") (docket entry 11) at 1-2; *see also* Appendix in Support of Defendant's Motion to Dismiss ("Defendant's Appendix") (docket entry 8) at App.001; Motion at 1 (Ayala "filed [the I-130 petition] on behalf of his purported adopted child, a noncitizen[.]"). The petition is being adjudicated at USCIS's National Benefits Center. Motion at 2.

Ayala initiated this action by filing a complaint against Ur Jaddou ("the defendant" or "the government"), then Director of USCIS, in her official capacity. *See generally* Complaint. Ayala asserts that this court has jurisdiction to review his case pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Mandamus Act, 28 U.S.C. § 1361, and federal question jurisdiction under 28 U.S.C. § 1331. *Id.* ¶ 4; Response at 5-8. Ayala contends that the delay in adjudicating his petition is unreasonable and therefore a violation of the APA, Complaint ¶¶ 16, 18, and seeks a writ of mandamus to compel USCIS to render a decision on his I-130 petition "within a reasonable time[,]" *id.* ¶ 19.

Relying on Federal Rule of Civil Procedure 12(b)(1), which permits dismissal for lack of subject matter jurisdiction, the government argues that the court is without subject matter jurisdiction over this case because Ayala has not sufficiently alleged an

---

\* Under the Immigration and Nationality Act, a United States citizen claiming that an alien is entitled to immediate relative status under 8 U.S.C. § 1151(b)(2)(A)(i) may file an I-130 petition with the Attorney General for such classification.

unreasonable delay in the adjudication of his I-130 petition, and there is no statutory or regulatory deadline for the adjudication of the petition. *See generally* Motion.

## II. ANALYSIS

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the

validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).

On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).  Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071.

The standard for reviewing a motion under Rule 12(b)(1) depends on whether a defendant makes a facial or factual attack on the plaintiff's complaint.  *Paterson v.*

- 4 -

*Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). A defendant makes a factual attack by providing affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court. *Id*. In a factual attack, the plaintiff is required to submit facts in support of jurisdiction and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

### B.  APA

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA defines "agency action" to include "failure to act[.]" *Id*. § 551(13).

The APA requires an administrative agency to act upon matters presented to it "within a reasonable time," *id*. § 555(b), and provides that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ." *Id*. § 706(1). An unreasonable delay claim "can proceed only where a plaintiff asserts that an agency [1] failed to take a *discrete* agency action that [2] it is *required to take*." *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (per curiam) (emphasis in the original, numbering added) (quoting *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004)).

While it is true that the decision of whether to approve an I-130 petition is discretionary, it cannot be said that the government has discretion regarding whether or not to *make* that decision, whatever it may be. Additionally, under section 555(b) of the APA, the government must make the decision within a reasonable time. Therefore, if the plaintiff can present a clear right to relief, both the APA and the Mandamus Act authorize the court to compel adjudication of the outstanding petition. The court finds that USCIS has a nondiscretionary duty to adjudicate Ayala's I-130 petition. *Mehalingam v. United States Citizenship and Immigration Services*, No. 3:20-CV-3651-M, Sealed Order ("Order") (docket entry 13) at 4-5 (N.D. Tex. Jan. 21, 2021) (Lynn, C.J.) (collecting cases). However, there is no mandate that USCIS act within a specific timeframe. *Li*, 2023 WL 3431237, at *1; *Chuttani v. United States Citizenship and Immigration Services*, No. 3:19-CV-2955-X, 2020 WL 7225995, at *3 (N.D. Tex. Dec. 8, 2020) (Starr, J.).

Ayala contends that the time span from the time the petition was filed to the present constitutes an unreasonable delay for the purposes of the APA. *See generally* Complaint; Response. The government, on the other hand, argues that because there are no statutory or regulatory provisions that provide a standard against which to measure USCIS's process of adjudicating applications, the court cannot determine whether or not a "reasonable time" has elapsed. *See* Motion to Dismiss at 3-6.

Ayala avers that processing times at the National Benefits Center are longer than those for similar petitions adjudicated at other USCIS service centers. Complaint ¶ 8. He further alleges that "USCIS unreasonably placed the Petition for adjudication at a USCIS office that is less equipped than other offices to process I-130 petitions," *id*. ¶ 10, and asserts that "[i]t very well may be that the Petition is at the wrong USCIS office[,]" Response at 4. Conversely, the government asserts that "[b]ecause the Form I-130 petition at issue involves an alleged adoption relationship, it is not unreasonable for USCIS to adjudicate the petition at the National Benefits Center" where immigration officers "trained to adjudicate Form I-130 petitions that are based on an alleged adoption relationship" are based. Defendant's Reply Brief in Support of Defendant's Motion to Dismiss (docket entry 12) at 4; *see also* Motion at 5 n.3; Defendant's Appendix at App.002 ("USCIS centralized at the National Benefits Center processing of concurrently filed Form I-130 cases based on an adoption in June 2015 and stand-alone adoption petitions in August 2018."). The current posted time for the National Benefits Center to process a Form I-130, Petition for Alien Relative, United States Citizen, filing on behalf of a spouse, parent, or child, is 48.5 months. *See* https://egov.uscis.gov/processing-times/ (last accessed Mar. 4, 2025); *id*. ("80% of cases are completed in 48.5 months"). Ayala has failed to demonstrate that a delay in adjudicating his I-130 petition is unreasonable. Accordingly, without a clear mandate, the court concludes that it lacks subject matter

jurisdiction over Ayala's APA claim. See *Heidarnejad v. United States Citizenship and Immigration Services*, 721 F. Supp. 3d 520, 525 (W.D. Tex. 2024); *Paka v. United States Citizenship and Immigration Services*, No. 3:20-CV-1545-X, 2021 WL 857087, at *2 (N.D. Tex. Mar. 8, 2021) (Starr, J.).

## C.  The Mandamus Statute

The Mandamus Act vests courts with original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The remedy of mandamus is generally viewed as "a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976) (citations omitted). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992) (internal quotation and citations omitted). For many of the same reasons articulated above, the court does not have subject matter jurisdiction over Ayala's mandamus request. See *Heidarnejad*, 721 F. Supp. 3d at 525; *Mehalingam*, No. 3:20-CV-03651-M, Order at 7; see also *Chuttani*, 2020 WL 7225995, at *5 ("Because the Court is convinced issuance of the writ would be inappropriate prior to a well-timed Administrative Procedure Act challenge, the Court finds mandamus is not an appropriate remedy under the circumstances, and therefore declines to issue the writ."). Accordingly, the court grants the

government's motion to dismiss Ayala's claim for a writ of mandamus for lack of subject matter jurisdiction.

## III.  CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **GRANTED**.  A judgment of dismissal without prejudice will be entered separately.

**SO ORDERED**.

March 6, 2025.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**